UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BOFFOLI, Plaintiff, v. LAURIE MCCORMICK, Defendant. | Case No.: 25-CV-1528 JLS (VET) **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** (ECF No. 15) |

Presently before the Court is Defendant's Motion for Reconsideration ("Mot.," ECF No. 15), Plaintiff's Opposition ("Opp'n," ECF No. 18), and Defendant's Reply (ECF No. 21). The Court vacated the hearing and took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 22. Having considered the Parties' arguments and the applicable law, the Court **DENIES** the Defendant's Motion.

**BACKGROUND**

The Court incorporates by reference the factual background as detailed in the Court's April 7, 2026, Order. *See* ECF No. 14. Thus the Court will only set forth here the procedural history relevant to this Motion.

On September 23, 2026, Defendant filed a Motion to Dismiss for Failure to State a Claim. *See* ECF No. 10. After Plaintiff responded and Defendant replied, this Court

granted in part and denied in part the Motion to Dismiss. ECF No. 14. Specifically, the Court granted the Defendant's Motion as to copyright infringement of the photograph "Banana Racers" which was dismissed without leave to amend. *See id.* at 13–16. The Court denied the Defendant's Motion as to the photograph "Papaya Golf." *See id.* at 16–17. The Defendant subsequently filed the present Motion.

**LEGAL STANDARD**

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment." *Evanston Ins. Co. v. Venture Point, LLC*, No. 220CV01783KJDEJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). "Clear error or manifest injustice occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe,* CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)). "As the Ninth Circuit has explained the clear error standard, '[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week old, unrefrigerated dead fish.'" *Stanislaus Food Prod. Co. v. USS-POSCO*

*Indus.*, No. 1:09-CV-00560-LJO, 2012 WL 6160468, at *3 n.2 (E.D. Cal. Dec. 11, 2012) (quoting *Fisher v. Roe*, 263 F.3d 906, 912 (9th Cir. 2001), *overruled on other grounds by Payton v. Woodford*, 346 F.3d 1204 (9th Cir. 2002)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Defendant asks the Court to reconsider its April 7, 2026, Order to the extent it denied the Defendant's Motion to Dismiss as to Plaintiff's claim of copyright infringement of the photograph "Papaya Golf." *See generally* Mot. Defendant contends the Court committed clear error by (1) failing to analyze infringement of "Papaya Golf" under the virtual identity theory; (2) failing to filter out unprotectable ideas; concepts, and *scènes à faire* before comparing the works' expression; and (3) mistakenly considering the seeds in "Papaya Golf" to be an obstacle or hazard instead of background material. Plaintiff opposed by arguing Plaintiff showed no clear error because (1) the virtual identity standard does not apply to "Papaya Golf" because it is not subject to thin copyright protection; (2) the Court did not fail to filter out unprotectable ideas; and (3) the decision to display the papaya seeds is protectable whether or not they function as a golf obstacle. *See generally* Opp'n.

Defendant did not argue she is entitled to reconsideration of the Court's Order based on a change in law or the availability of new evidence. *Young*, 2017 WL 2798497, at *2 (citing *Smith*, 727 F.3d at 956). And to the extent Defendant asks this Court to reconsider its analysis of similarity between "Papaya Golf" and "Papaya Trap," she may not do so on the present motion. *See* Mot. at 7–8. "A motion for reconsideration is not an opportunity

to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome." *See FTC v. Neovi, Inc.*, No. 06-CV-1952-JLS JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009) (quoting *Devinsky v. Kingsford*, No. 05 Civ.2064(PAC), 2008 WL 2704338, at *2 (S.D.N.Y. July 10, 2008)), *aff'd*, 604 F.3d 1150 (9th Cir. 2010).

However, Defendant does argue this Court committed three clear errors of law, an appropriate basis for a motion for reconsideration. *See, e.g., McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

First, Defendant argues the Court failed to analyze infringement of "Papaya Golf" under a selection and arrangement theory that requires "virtual identity." Because Defendant did not contend that this Court should apply the virtual identity standard until the present motion, this argument is waived. *See* Motion to Dismiss, ECF No. 10-1 at 6 ("Plaintiff fails to allege substantial similarity in protected expression."); *id.* at 11 ("As shown above, Defendant's papaya and banana photographs are not substantially similar to Plaintiff's photographs."). However, even if this argument had not been waived and was properly before the Court, the Court finds no clear error in applying the substantial similarity standard.

Defendant argues *Ets-Hokin* controls here. There, the Ninth Circuit affirmed summary judgment after requiring virtual identity between advertising photographs of a blue vodka bottle. *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 765 (9th Cir. 2003). The court emphasized that when photographing a certain product for advertising purposes and "the range of protectable expression is narrow, the appropriate standard for illicit copying is virtual identity." *Id.* at 766 (quoting *Apple Computer Corp. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994).

However, photographs are not limited to thin copyright protection as a matter of law. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1120 (9th Cir. 2018). "[T]he greater the range of creative choices that may be made, the broader the level of protection that will be afforded to the resulting [work]." *Id.* More recently, the Ninth Circuit did not require the

virtual identity standard when comparing photographs of Michael Jordan. *Id.* at 1121–1122. Instead, the court required "disparities that no ordinary observer of the two works would be disposed to overlook." *Id.* at 1122.

*Rentmeester* is the controlling precedent in this case. The photographs at issue are not limited to a certain product or a certain context, unlike the subject matter in *Ets-Hokin*. Within the context of fine art photography, *see* Motion to Dismiss, ECF No. 10-1, at 1, there are a great range of creative choices available. *See Rentmeester*, 883 F.3d at 1120. As stated in the Order, the Court correctly noted both images depict a golfer on a papaya, depict papaya seeds depicting a golf obstacle, are centered on one golfer, and are surrounded by a dark background. Order at 17. Accordingly, the Court finds that it was not clearly erroneous to apply the substantial similarity standard laid out in *Rentmeester*.

Second, Defendant argues the Court committed clear error by failing to expressly filter unprotectable elements before comparison. Mot. at 4. In support, Defendant cites *Rentmeester*, stating that "[b]efore [a] comparison can be made, the court must 'filter out' the unprotectable elements of the plaintiff's work . . . ." 883 F.3d at 1118. However, "[p]hotographs cannot be dissected into protected and unprotected elements in the same way." *Id.* at 1119. Instead "photos can be broken down into objective elements that reflect the various creative choices the photographer made in composing the image." *Id.*

In its Order, the Court correctly compared the protected creative choices made by Plaintiff and Defendant in their respective photographs. Order at 16–17. As discussed above, "Papaya Golf" and "Papaya Trap" have a broad range of expression available to them. The Court was not required to expressly "filter out" the idea of the photograph before determining that the differences in detail are easily overlooked. Accordingly, the Court finds that it was not clearly erroneous in its application of the extrinsic test.

Finally, Defendant argues the Court committed clear error by not filtering the idea of depicting papaya seeds as a golf hazard before comparing the photographs. Mot. at 5–7. To the extent this is a more specific application of Defendant's second argument above, this Court finds no clear error. To the extent Defendant argues it was a clear error of law

to find similar protectable elements between "Papaya Golf" and "Papaya Trap," this Court also finds no such clear error. As the Court expressly concluded in its Order, "[t]he selection and arrangement of elements between 'Papaya Trap' and 'Papaya Golf' are similar enough that 'the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them.'" Order at 17 (quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960)). Beyond the unprotectable idea of combining a papaya and golf, the Court correctly concluded Plaintiff sufficiently alleged "Papaya Trap" was substantially similar to "Papaya Golf." *Id.* Accordingly, the Court finds it was not clearly erroneous to find sufficient similarities between the two photographs.

**CONCLUSION**

In light of the foregoing, the Court **DENIES** the Defendant's Motion for Reconsideration (ECF No. 15).

**IT IS SO ORDERED.**

Dated: September 21, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge